UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
97-CR-292(JMR/RLE)
00-CV-1526(JMR/RLE)

United States of America )
)
v. ) ORDER
)
DeAngelo Duane Condon )

Defendant pleaded guilty to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant now seeks relief under 28 U.S.C. § 2255, claiming he was improperly sentenced as a result of the government's manipulation of his Guideline sentencing factors. Defendant is incorrect. Although his arguments are erroneous, a brief review of the convoluted path his case followed prior to sentencing is necessary to place his contentions in context.

Defendant, a convicted felon, was arrested by Minneapolis police when, during a routine traffic stop, they discovered a firearm -- later determined to be stolen -- tucked into the waistband of his pants. He was subsequently indicted by a federal grand jury for unlawful possession of a firearm, to which he pled guilty. At the time of his plea hearing, the government and defendant believed defendant's presumptive Guideline sentencing range was 57 to 71 months.

Notwithstanding the assumptions in the plea agreement, the Presentence Investigation revealed that defendant fell under the Armed Career Criminal Act ("the Act"), 18 U.S.C. § 924(e), because

FILED AUG 23 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

he had three previous convictions for violent felonies or serious drug offenses.[1] One of the three prior convictions was for a previously undisclosed juvenile conviction. Because the Act imposes a mandatory minimum prison term of 15 years -- a substantial increase over the presumptive Guidelines sentence -- defendant requested, and received, this Court's leave to withdraw his guilty plea.

Defendant subsequently entered into a new plea agreement with the government calling for him to plead guilty to an Information charging him with unlawful possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), which carries a maximum sentence of 10 years. As part of the agreement, the parties jointly recommended defendant be sentenced to the maximum 10-year term. In exchange, the government agreed to dismiss the Indictment and its mandatory 15-year penalty.

Defendant further reserved his right to challenge the use of his juvenile conviction for sentencing enhancement, and the government agreed that if the Court determined such use was prohibited, the original range of 57 to 71 months would apply. After briefing the issue, but before sentencing, defendant provided the government with information relating to an open homicide

---

[1]Defendant was convicted of first degree assault in 1984, possession with intent to sell cocaine in 1989, and terroristic threats in 1990. Each is a qualifying offense under 18 U.S.C. § 924(e).

investigation. Because of his cooperation with local law enforcement, the government unilaterally withdrew its recommendation that defendant receive the 10-year maximum sentence, and instead recommended a sentence within the guideline range.

At sentencing, defendant moved for a downward departure under § 5K2.2, alleging he acted under duress, and the motion was denied. The Court noted at the hearing that the government had not moved for a downward departure pursuant to § 5K1.1. If it had, the Court would have been able to sentence defendant below the guideline range. See Tr. at 11:17-22. The Court did take into consideration defendant's cooperation with the government, and sentenced him to 57 months -- the bottom end of the guideline range.

Defendant declined to take a direct appeal of his sentence. He now seeks collateral relief under 28 U.S.C. § 2255, contending his juvenile conviction could not have been used to enhance his sentence under the original indictment, because his civil rights had been restored following that conviction. Defendant asserts this error tainted the entire plea agreement. In his view, the government's concession, allowing him to plead to an Information and receive 10 years, was not a concession at all, but a "manipulated sentencing scheme" that deprived him of the benefit of his cooperation with the government.[2]

[2]The Court sets aside the important question of whether a § 2255 attack is the proper means to challenge the sentence imposed when no direct appeal has been taken. The Court, instead, considers defendant's substantive arguments.

In essence, defendant argues the government artificially inflated his sentence to 15 years so that he would agree to 10. Then, when he provided the government with valuable information, he was placed back in his original Guideline range. As a result, defendant asserts he has been deprived of the additional reduction he believes his cooperation warranted.

Defendant's theory unravels, however, because the fundamental assumption on which it is based is in error. Defendant did not have his civil rights restored following his juvenile conviction, and that conviction could properly have been used to enhance his sentence under the original indictment. As a result, the government's concession allowing defendant to be sentenced within the Guideline range was both valid and valuable consideration for his guilty plea.

A prior conviction may be used for sentence enhancement purposes, unless a defendant's civil rights were restored following the conviction. United States v. Washington, 998 F.2d 1019 (8th Cir. 1993) (per curiam). It is axiomatic that "for a person to have 'civil rights restored' by a state for purposes of § 921(a)(20), that state must actually restore the felon's right to possess firearms." United States v. Ellis, 949 F.2d 952, 953 (8th Cir. 1991) (citing United States v. Traxel, 914 F.2d 119, 123 (8th Cir. 1990)). Minnesota law provides that an individual convicted

of a crime of violence is prohibited from possessing a firearm "unless ten years have elapsed since the person has been restored to civil rights or the sentence or disposition has expired, whichever occurs first, and during that time the person has not been convicted of or adjudicated for any other crime of violence." Minn. Stat. § 624.713 subd. 1(b). That law has been in effect since 1975. See Traxel, 914 F.2d at 124.

Defendant's juvenile conviction occurred in 1984; there is no question § 624.173 applies to his conviction. Thus, his civil rights could only be restored if he was not convicted of another crime of violence within 10 years. See Ellis, 949 F.2d at 954 ("Since 1975, felons convicted of violent crimes have not had the right to possess firearms until ten years have elapsed, without a similar conviction, from the date of discharge."). But in 1990, only five years after the expiration of his 1984 sentence for first degree assault, defendant was convicted of making terroristic threats, a violent felony under Minnesota law. Thus, defendant's right to possess firearms was never restored.

Defendant misreads the statute as applying in the disjunctive; that is, he assumes the phrase "unless ten years have elapsed" applies only to the restoration of civil rights, and not to the expiration of his sentence. Because defendant's juvenile sentence expired in 1985, before he committed any other felonies, he asserts he regained the right to possess firearms at that time. Under this

interpretation of the statute, the juvenile conviction would no longer count toward the enhanced sentence under the Act.

Precedent soundly rejects defendant's theory:

> The words "whichever occurs first" indicate that the ten years apply both to the restoration of civil rights and to the expiration of the sentence. It does not matter in which order these events occur. The ten years will start running upon the occurrence of the first of the events.

State v. Zaitz, No. C6-97-1825, 1998 WL 404856, at *2 (Minn. Ct. App. July 21, 1998). Therefore, in order to exclude defendant's juvenile conviction from Guideline calculations, he must not have been convicted of any other violent crimes for a ten-year period following expiration of his sentence. But defendant's terroristic threat conviction occurred within that period, thus denying him the restoration of his civil rights. Accordingly, his juvenile conviction is properly counted as one of the three felonies necessary to trigger application of the 15-year mandatory minimum under the Act.[3]

Defendant's sentence did not result from a "manipulated sentencing scheme," but from a compromise which relieved him of the

---

[3]Defendant also argues that, because his juvenile records were sealed, his juvenile conviction should not have been used in determining his sentence. He is wrong. The Minnesota Supreme Court has approved the use of juvenile records in determining a defendant's sentence. State v. Johnson, 216 N.W.2d 904, 907-08 (Minn. 1974). Moreover, since 1980, Minnesota law has provided that state courts must "keep and maintain records pertaining to delinquent adjudications . . . and shall release the records on an individual to a requesting adult court for purposes of sentencing." Minn. Stat. § 260.161 subd. 1 (1980); see also Minn. Stat. § 260B.171 (2000).

15-year mandatory minimum he would otherwise face. But defendant makes one more challenge to his sentence: He claims his assistance to the government should entitle him to a downward departure. This challenge too must fail. The decision to make a § 5K1.1 motion for substantial assistance is solely reserved to the government; the Court has no authority to grant such a departure absent the motion. United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994).

Defendant attempts to evade this conclusion by arguing his assistance should qualify him for a downward departure under § 5K2.0 and the logic of Koon v. United States, 518 U.S. 81 (1996). Precedent stands in his way, because "[a] defendant cannot avoid the § 5K1.1 government-motion requirement by moving for a departure based on substantial assistance pursuant to U.S.S.G. § 5K2.0." United States v. Fountain, 223 F.3d 927, 928 (8th Cir. 2000) (declining to extend Koon so as to bring a substantial assistance departure without a government motion within U.S.S.G. § 5K2.0).

The Court has also considered whether issuance of a Certificate of Appealability is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised in this petition is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Defendant has not, therefore, made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS ORDERED that:

1. Defendant's motion for relief pursuant to 28 U.S.C. § 2255 [Docket No. 44] is denied.

2. No Certificate of Appealability will issue in this case.

Dated: August 22nd, 2001

JAMES M. ROSENBAUM
United States District Judge